**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL AHUMADA, | ) Case No. CV 17-6422-JPR |
| Petitioner, | ) |
| v. | ) ORDER DISMISSING HABEAS PETITION ) WITHOUT PREJUDICE |
| C. DUCART, Warden, | ) |
| Respondent. | ) |

**PROCEEDINGS**

On August 4, 2017, Petitioner filed in the Northern District of California a Petition for Writ of Habeas Corpus by a Person in State Custody, raising four claims: ineffective assistance of trial and appellate counsel (Pet. at 6), "vindictive prosecution" (id. at 8), multiple sentences for a single criminal act (id. at 9), and erroneous jury instructions (id. at 11). He also filed a motion for stay and abeyance under Rhines v. Weber, 544 U.S. 269, 277 (2005), asking that the Petition be stayed to allow him to exhaust his claims, which he admitted had never been raised in state court. (Mot. Stay & Abey. at 1-2; Pet. at 6-13.) The case was transferred here on August 29, 2017, and a week later the

1

Court set a briefing schedule on Petitioner's stay motion, advising him that "[a]lthough [he] needs the Court's permission for a stay of these proceedings, nothing prevents him from immediately returning to state court on his own to exhaust whatever unexhausted claims he seeks to raise here." The parties consented to the jurisdiction of the undersigned U.S. Magistrate Judge under 28 U.S.C. § 636(c)(1). (See Pet'r's Consent at 1, Aug. 15, 2017; Resp't's Consent at 1, Dec. 12, 2017.)

On February 22, 2018, the Court denied a stay and ordered Petitioner to show cause why his Petition should not be dismissed as fully unexhausted. Petitioner filed a response to the OSC on April 23, 2018, in which he mostly simply reargued the merits of his stay motion. In the meantime, however, he filed habeas petitions in the state courts; the state supreme court denied his petition there on October 31, 2018, with citations to In re Swain, 34 Cal. 2d 300, 304 (1949) (holding that claims must be stated with sufficient particularity), and People v. Duvall, 9 Cal. 4th 464, 474 (1995) (petitioner must attach copies of available evidence). See Cal. App. Cts. Case Info., http://appellatecases.courtinfo.ca.gov (search for "Paul" with "Ahumada") (last visited Dec. 10, 2018). On December 3, 2018, at the Court's request, Respondent lodged a copy of that petition, which Petitioner had filed in the state supreme court on July 13, 2018. (See Lodged Doc. 10.)

**DISCUSSION**

A denial with citations to Duvall, 9 Cal. 4th at 474, and Swain, 34 Cal. 2d at 304, "constitutes dismissal without prejudice, with leave to amend to plead required facts with

2

particularity." Seeboth v. Allenby, 789 F.3d 1099, 1104 n.3 (9th Cir. 2015) (citation omitted); King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003) (per curiam), abrogation on other grounds recognized by Waldrip v. Hall, 548 F.3d 729, 733 (9th Cir. 2008); Kim v. Villalobos, 799 F.2d 1317, 1318-19 (9th Cir. 1986). Because a failure to allege claims with sufficient particularity "can be cured in a renewed petition," the state court's denial of a habeas petition on that ground suggests that a petitioner's claims have not been exhausted. See Kim, 799 F.2d at 1319; see also King, 340 F.3d at 823 (noting that Swain and Duvall "allow amendment to comply"). In such cases, a federal habeas court must independently examine a petitioner's state petition and determine whether he met the federal exhaustion standard of "fair presentation" to the state's highest court. See Kim, 799 F.2d at 1319-20. "[F]air presentation" requires that the claims be pleaded with "as much particularity as is practicable." Id. at 1320.

**I. The Petition's Claims Remain Unexhausted**

Of the Petition's four claims, one — his sentencing claim — is now moot because the state court of appeal granted relief on it, see In re Ahumada, No. B289191, 2018 WL 2455023, at *1 (Cal. Ct. App. June 1, 2018),[1] and the others remain unexhausted because this Court's independent review confirms that they were not presented with sufficient particularity to the state supreme court.

---

[1] The state court of appeal found the rest of Petitioner's claims to "lack merit." Ahumada, 2018 WL 2455023, at *1.

3

A. <u>Ineffective Assistance of Counsel</u>

Petitioner's ineffective-assistance-of-counsel claim in the state supreme court targeted both trial and appellate counsel. It stated in its entirety:

> During trail [sic] [c]ourt Petitioner['s] [c]ounsel at the time . . . failed to cross examine witness/victim, fei fei Liu (2 RT 201-214) witness testimony directs Petitioner as suspect. Petitioner['s] counsel performance fell below an[] objective standard of re[a]sonableness, a re[a]sonable probability that, but for counsel['s] unprofessional[] error the result of proceeding would [have] been different.
>
> Petitioner, also brings forth ineffectiveness assistance on appe[]llate counsel, failing to acknowledge the grounds that are being brought forward on this petition.

(Lodged Doc. 10 at 3.)

Even if this claim had been stated with sufficient particularity — which it was not — it could not have exhausted the ineffective-assistance claim in the Petition because that claim concerns only counsel's alleged failure to "conduct a reasonable pre-tr[ia]l investigation" and appellate counsel's failure to raise that issue on appeal. (<u>See</u> Pet. at 6.) It has nothing to do with counsel allegedly failing to cross-examine a witness. Thus, that claim remains unexhausted. <u>See</u> <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971) (holding that habeas petitioner must "present the state courts with the same claim he urges upon the federal courts").

B. <u>Vindictive Prosecution</u>

Petitioner raised a claim called "Presumption Vindictiveness" in his state supreme-court petition. (<u>See</u> Lodged Doc. 10 at 5.) It read in its entirety:

> Approximately [o]ne [w]eek before trail [sic] [Petitioner] was given his first offer [o]n the case. Even if [Petitioner] wanted offer [h]e could not. [I]t was clear that the offer was a package deal (3[CT][2] 508, 509)[.] [Petitioner] involved his right to a jury trail [sic][.] Two days before deliberation, prosecutor comes forward with an additi[onal] allegation, filed amended (2 [CT] 387) with no new evidence to show that the increased charges could not have been brought before [Petitioner] exercised his rights. Vindictive prosec[u]tion is typically evidenced by prosecutor's decision to increase charges against an already charged defendant.

(<u>Id.</u>)

Again, Petitioner has raised a different claim in the state supreme court from the one in the Petition, which thus remains unexhausted. The Petition's vindictive-prosecution claim concerns the prosecutor's "motion to strike [an] allegation" "while the jury was in deliberation." (Pet. at 8.) He does include one sentence that reads, "Violating due process after refusing deal they included the additional charge" (<u>id.</u> (capitalization adjusted for clarity)), but that is too cursory

---

[2] These brackets are in the original, as are those four lines down. All others are the Court's alterations.

5

to allow the Court to determine that it is the same claim as in the state supreme-court petition, particularly given that it directly follows Petitioner's allegations concerning a motion to strike during jury deliberations. Challenging a motion to strike a charge while the jury deliberates is not the same as objecting to charges being added two days before the jury began deliberating.

Accordingly, the Petition's vindictive-prosecution claim remains unexhausted. Picard, 404 U.S. at 276.

C. Erroneous Jury Instructions

Petitioner's jury-instruction claim in the state supreme court read as follows:

> The trail [sic] Judge . . . erred at, on point by underl[in]ing and [c]ircle instruction on "Imminent[] peril." It was not [sic] reasonably likely that the jury would have misunderstood the requirement of the imperfect on record it is clear to see that judge was confused on jury instruction that was given noting that various changes were needed and adjustment were made (3 rt 415-423) [a]s well as of questionable with counsel's (2[CT][3] 411). This allowing prejudice, under errone[o]us jury instructions.

(Lodged Doc. 10 at 4.)

The Petition's jury-instruction claim is so conclusory that it is impossible to say for sure whether it is the same claim as in the state habeas petition, but it does not appear to be. The

---

[3] This set of brackets is in the original; all other alterations in the excerpt are the Court's.

6

Petition's claim states in its entirety:

> Mis instruction on elements of offense. The jury was rendered in the absense [sic] of proper instructions.

(Pet. at 11.) Petitioner's challenge to the instruction concerning the "elements of the offense" — without identifying which of the multiple offenses he was convicted of he refers to — does not appear to match his claim that the instruction for "imminent peril" was incorrect. In any event, even if the two claims are the same, he clearly did not posit it to the state supreme court with sufficient particularity. He does not explain what "various changes" or "adjustments" were made to the instruction or why they were wrong, and the last part of the claim, "questionable with counsel's," cannot even be understood. It is also unclear what his reference to "imperfect" means.

Accordingly, Petitioner's jury-instruction claim also remains unexhausted.

**II. The Petition Must Be Dismissed**

As explained to Petitioner in the OSC, fully unexhausted habeas petitions must be dismissed when no stay is warranted.[4] See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); see also Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (holding that Rhines stay may be available for fully unexhausted habeas petition). Petitioner bears the burden of showing that he has exhausted his available state remedies, see Williams v. Craven,

---

[4] As noted, Petitioner's response to the OSC mostly reargued why he deserved a stay. Nothing in his response convinces the Court that it erred when it previously denied one.

460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam), and he has not done so.  Accordingly, the Petition must be dismissed without prejudice.

IT IS SO ORDERED.

DATED: December 10, 2018

/s/ Jean Rosenbluth
JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE